IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ANTOINE D. ROBINSON,                                    Plaintiff

v.                      Case No. 06-1032

JO ANNE B. BARNHART,
Commissioner of the Social
Security Administration,                                Defendant

## **MEMORANDUM OPINION**

Plaintiff Antoine Robinson ("Plaintiff") seeks judicial review of the Commissioner's denial of his request for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff has exhausted all of his administrative remedies, and therefore, pursuant to 42 U.S.C. § 405(g), judicial review is now appropriate. After reviewing the record, the Court hereby AFFIRMS the decision of the Commissioner.[1]

## **I. Background**

The facts and arguments are presented in the parties' briefs, and consequently will be duplicated here only to the extent necessary. Additionally, the Administrative Law Judge's ("ALJ") decision within the administrative record sets forth his

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

findings and it will not be repeated herein except to the extent necessary to address Plaintiff's arguments.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful

2

activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with

3

the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Plaintiff is a twenty-six year old male. He contends he has been disabled since October of 2003, due to asthma and a gunshot wound. The ALJ found Plaintiff was not disabled and had the residual functional capacity (RFC) to perform light work.

Plaintiff's alleges six points of error by the ALJ. Two of these points concern the ALJ's treatment of the evaluation of Plaintiff performed by Dr. Kahn. Specifically, the Plaintiff contends the ALJ was in error to characterize Dr. Kahn's examination of Plaintiff as "basically normal" and that the ALJ failed to consider Dr. Kahn's finding that Plaintiff was "mildly disabled." The remaining four points of claimed error concern the ALJ's discounting of the Plaintiff's credibility and subjective complaints.

<u>EVALUATION OF DR. KAHN</u>

The examination by Dr. Kahn, a physician who treated Plaintiff at the request of the social security administration, revealed bullet fragments in Plaintiff's chest. It is Plaintiff's position that these fragments explain the pain articulated by Plaintiff when he moves and uses his left arm.

4

Dr. Kahn noted that Plaintiff was "mildly disabled" due to the gunshot wounds.

The ALJ found Dr. Kahn's examination to be "basically . . . normal" and was well supported in this conclusion. Dr. Kahn noted that Plaintiff's limits on limb function and passive range of motion for his extremities were within normal limits. (Rec. 231-232). In fact, Dr. Kahn found Plaintiff had normal reflexes, range of motion, lungs and heart, as well as a clear chest with no acute problems. (R. 230-232, 235). Dr. Kahn concluded Plaintiff had a mild disability of a two percent limitation to his functional abilities (R. 234), but did not conclude that Plaintiff was "disabled."

Given the conclusions of Dr. Kahn that Plaintiff was within normal limits of the tested areas, there was no error for the ALJ to conclude that Dr. Kahn's examination found Plaintiff to be "basically normal." Additionally, the ALJ took Dr. Kahn's report into account in determining Plaintiff's claim. While there is no specific reference to the two percent functional limitation Plaintiff may now experience, the ALJ did reflect that some of the limitations were the result of his gunshot wounds. Thus, the ALJ's treatment of Dr. Kahn's opinion is without error and is supported by the substantial evidence of record.

## PLAINTIFF'S CREDIBILTIY

Plaintiff contends the ALJ further erred in evaluating Plaintiff's credibility. Specifically, Plaintiff contends the

ALJ failed to take into account that while the Plaintiff stated he could lift five (5) pounds, he also stated such lifting would be with pain. Also, the Plaintiff argues the ALJ erred in discounting his credibility due to Plaintiff's failure to seek medical care without considering Plaintiff's financial hardship in affording such treatment or care. The Plaintiff further testified to difficulty walking and to frequent headaches, which the Plaintiff contends the ALJ improperly failed to consider.

The substantial evidence of record shows that the ALJ properly considered Plaintiff's subjective complaints, and relied upon those limitations he found to be credible. The ALJ followed the directives of *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984) in evaluating the Plaintiff's credibility. He gave careful consideration to Plaintiff's daily activities, frequency and intensity of pain, aggravating factors, effectiveness of medication, and any functional restrictions. *Id*. The ALJ then articulated clear inconsistencies between Plaintiff's testimony and the evidence of record.

The medical records do not demonstrate a level of disabling pain consistent with Plaintiff's testimony. Plaintiff's only treating physician, Dr. Newsome, was treating the Plaintiff for bronchitis, not for a disabling impairment. Furthermore, Plaintiff did not seek any medical treatment for his alleged disabling conditions. Plaintiff argues this is because he could not afford medical treatment, but the Eighth Circuit is clear that failure to seek treatment is a valid reason to discount a

claimant's credibility, despite financial status. Plaintiff could have sought care for the indigent, or other low-cost medical services. *Harris v. Barnhart*, 356 F.3d 926 (8th Cir. 2004) (finding that failure of claimant to seek care is relevant consideration to discount credibility even if financial hardship exists). Additionally, Plaintiff is only taking Tylenol for his headaches, giving the ALJ a proper ground to discount Plaintiff's subjective complaints regarding the effect of those headaches. *Haynes v. Shalala*, 26 F.3d 812, 814 (8th Cir. 1994)(finding that only taking medications, such as aspirin for pain on occasional basis as proper reason to discount Plaintiff's complaints of disabling pain.)

Finally, the daily activities performed by Plaintiff are inconsistent with the level of disabling pain reflected in his testimony. Plaintiff takes care of his personal needs, ironing, cleaning, preparing small meals, attending church, and watching television. Although Plaintiff claims he is unable to work because he can not lift more than five pounds, the record shows he stopped working in 2001, much before his accident in 2003. Thus, the ALJ's is supported by the substantial evidence of record in discounting the Plaintiff's credibility as to his subjective complaints of pain.

## IV. CONCLUSION

For the foregoing reasons, the decision of the ALJ is supported by the substantial evidence of the record as a whole and is **AFFIRMED**. Plaintiff's case is **DISMISSED WITH**

**PREJUDICE.**

    **IT IS SO ORDERED.**

DATE: October 31, 2006

                                                  /s/ Robert T. Dawson
                                                  ROBERT T. DAWSON
                                                  UNITED STATES DISTRICT JUDGE